UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George T. Ramantanin, | ) | C/A No. 4:10-1119-TLW-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Robert H. Mauney,  Warden Livesay | ) | |
| Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, George T. Ramantanin ("Petitioner"), a *pro se* prisoner, seeks habeas relief

pursuant to 28 U.S.C. §2254.[1] This matter is before the Court on Respondent's motion for summary

judgment.   (Document # 20.)

Petitioner filed this petition for a writ of habeas corpus on May 5, 2010.[2] On September 20,

2010, Respondent filed a motion for summary judgment, along with supporting memorandum and

exhibits.  The undersigned issued an Order filed September 21, 2010, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment

procedure and the possible consequences if he failed to respond adequately. Petitioner filed a

response in opposition. (Doc.# 22.) On October 6, 2001, Petitioner filed a Motion to Amend this

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

[2]There is no stamp from the South Carolina Department of Corrections acknowledging receipt for mailing.  Thus, the date of filing is the date Petitioner's habeas petition was received by the Clerk of Court.

Response in Opposition. (Doc. #24.)

## I. PROCEDURAL HISTORY

Petitioner is currently confined at the Livesay Correctional Institution.  In April 2003, Petitioner was indicted by the Spartanburg County Grand Jury for distribution of cocaine. (App. 46-7.)  Petitioner was represented by Public Defender Clay Allen.  (App. 1-45.)  On February 2, 2005, Petitioner initially proceeded to trial before the Honorable Doyet A. Early, III, Circuit Court Judge.  (App. 3-21, 44-5.)  However, after the jury was selected, Petitioner pled guilty to the distribution charge. (App. 21-43.)  Judge Early sentenced Petitioner to ten years to run concurrently with a seven year sentence Petitioner had previously received as the result of another conviction in February 2004.  (App. 42, see App. 39.)

Petitioner timely filed a notice of appeal on February 9, 2005.  On appeal, Petitioner was represented by Assistant Appellate Defender Robert M. Dudek who filed an <u>Anders</u>[3] Brief arguing that Petitioner's guilty plea did not comply with the mandates of <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709 (1969).   Petitioner filed a pro se brief raising the same issue raised by counsel, and also asserting that the trial judge's comments were improper and possibly coercive during the plea hearing and negotiations.  In an unpublished opinion filed April 17, 2007, the South Carolina Court of Appeals dismissed Petitioner's direct appeal and granted counsel's motion to be relieved.  The Remittitur was issued on May 18, 2007.

On July 10, 2007, Petitioner filed an Application for post-conviction relief ("PCR") alleging ineffective assistance of plea counsel and ineffective assistance of appellate counsel on numerous grounds.  (App. 48-61.)  Specifically, Petitioner argued his plea counsel failed to: persuade the

---

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967).

2

prosecutor that an exception to the plea guidelines was warranted; negotiate for a sentence of less than (10) ten years based on the actual amount of drugs in question; highlight Petitioner's background adequately; stress all of the reasons as to why he was deserving of a lesser sentence; use the reality of entrapment; bring for his defense an exception to the plea guidelines or mention his participation in rehabilitation while he was incarcerated; conduct a reasonably substantial or effective investigation; discuss with Petitioner the weaknesses of the prosecution's case; use any and all defects in the affidavits, warrants, and indictments relating to Petitioner's case; discover and use the defect in the actual drug analysis done by SLED and allow Petitioner to be convicted for the drugs of George May; properly make any post-trial motions and legally preserve all errors of law for future appellate review; move for a reconsideration of sentence under State v. Best; move for a continuation based on his inadequate preparation for trial; discuss with Petitioner his appeal options; challenge the description of the alleged crime on the face of the indictment as manufacture of cocaine; move for a continuance based on Petitioner's poor health; move for a Batson motion during the trial phase before the plea; use case authority to ensure the original plea of (5) five years was accepted by the court; move for a directed verdict and/or mistrial based on the statements of the court (Trial Trans pg 25, lines 10-23); prevent the trial judge from psychologically manipulating Petitioner into a (10) ten year plea; determine for the court my second or third offense status; stress the reality of State v. Fuller, based on his desire to be relieved; fully brief Petitioner about parole eligibility; and refrain from a total failure to conduct the plea colloquy mandated by Rule 11. (App. 51-4, 57). Petitioner also asserted that plea counsel violated the procedural safeguards established by Gideon v. Wainwright. (App. 55).

Petitioner asserted appellate counsel was ineffective because he failed to: forward to the

appellate court his pro se petition containing newly discovered evidence; follow up on Petitioner's

pro se petition of writ of mandamus dated March 24, 2007 and to motion for a stay or delay of the

process before the S.C. Court of Appeals in order to submit his pro se petition in a timely fashion.

(App. 55-7.)

On April 8, 2008, an evidentiary hearing was held before the Honorable Kenneth G. Goode,

Circuit Court Judge.  (App. 66-147.)  Petitioner was present and was represented by Vanessa Cason,

Esquire.  Id.  On May 30, 2008, the PCR Court denied and dismissed with prejudice Petitioner's

PCR application.  (App. 125-32.)

On June 16, 2008, Petitioner timely filed a Notice of Appeal of the PCR Court's Order. On

appeal, Petitioner was  represented by Appellate Defender  Elizabeth A. Franklin-Best.  On appeal,

Petitioner argued the plea judge improperly coerced Petitioner's guilty plea by threatening to hold

him in contempt and/or try him in his absence, and thereby rendered his plea involuntary. He also

argues plea counsel should have objected, and moved to withdraw the guilty plea or recuse the

judge.  On  January 21, 2010, the South Carolina Supreme Court denied Petitioner's Petition for

Writ of Certiorari.  The Remittitur was issued on February 8, 2010.

### III. HABEAS ALLEGATIONS

Petitioner filed his petition on January 19, 2010, in which Petitioner raises the following

allegations:

> **Ground One**: Ineffective Assistance of Trial Counsel
> **Supporting Facts**: (A)  Brady and Rule 5 Motions
> (B) Disclosure of Informer's Identity
> (C) Motion for Suppression Hearing
> (D) Plea Colloquy Error
>
> **Ground Two**: Ineffective Assistance of Appellate Counsel
> **Supporting Facts**:  "It was error for Appellate Counsel to pursue an Anders brief

4

due to the fact that he wanted to be relieved from the case, which the trial colloquy's record reflect he failed to raise any one of the arguable issues in GROUND ONE regarding Trial Counsel's assistance was ineffective, nor the point in GROUND THREE . . . "

**Ground Three:** Whether Petitioner's Guilty Plea Should Be Vacated Because He Was Coerced By The Trial Judge Into Pleading Guilty
**Supporting Facts:**
(A) Arrest Warrant
(B) Sufficiency of Indictment
(C) Plea Colloquy Error

(Pet. and Attach. # 1).

## IV.  SUMMARY JUDGMENT

As stated above, the Respondent filed a return and memorandum of law in support of the motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by <u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any

5

cause of action upon which the non-moving party has the burden of proof. <u>Celotex</u>, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); <u>Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. <u>Shealy v. Winston</u>, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. <u>Barber v. Hosp. Corp. of Am.</u>, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." <u>Id.</u> at 322; <u>see</u> <u>also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## V. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## VI.  DISCUSSION AS TO PROCEDURAL BAR

A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1.  Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available

8

procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a Petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction.  The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

9

reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must

proceed through the state courts before requesting a writ of habeas corpus in the federal courts,

Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir.

1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any

means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S.

at 515.

## 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the

claim at the appropriate time in state court and has no further means of bringing that issue before

the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal

habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of

a constitutional claim in earlier state proceedings forecloses consideration by the federal courts,

Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings,

if a state has procedural rules which bar its courts from considering claims not raised in a timely

fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal

from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a

second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in

state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in

the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of
> those decisions, by forcing the defendant to litigate all of his claims together, as

10

quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the  filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997);  Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363

(4th Cir. 1996).

#### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a

conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VII. ANALYSIS

Respondent contends that all the claims raised by Petitioner in Ground Two and some of the claims raised in Grounds One and Three are procedurally barred. The undersigned agrees.

As set out above, Petitioner raised two issues in his direct appeal: 1) whether his guilty plea complied with Boykin; and 2) whether the trial judge's comments were improper and coercive during the plea hearing. During his State PCR action, although the Petitioner raised numerous grounds to the PCR court, on appeal of the denial of PCR Petitioner raised only two issues: 1) whether the plea judge improperly coerced Petitioner's guilty plea by threatening to hold him in contempt and/or try him in his absence and thereby rendered his plea involuntary and 2) whether plea counsel was ineffective for failing to object and move to withdraw Petitioner's guilty plea.

In Ground One, among other issues which are discussed below on the merits, Petitioner contends that plea counsel was ineffective because he failed to investigate by not filing Brady and Rule 5 motions, challenge any of the evidence that was used to convict Petitioner, interview witnesses, move for disclosure of the informant, preserve an argument that Petitioner was not in possession of the drugs, move for a suppression hearing, and object to the plea court's remarks during the guilty plea. In Ground Two, Petitioner asserts appellate counsel was ineffective because he did not raise in Petitioner's direct appeal the claims now raised by Petitioner in Grounds One and Three. These claims were either not raised or ruled upon by the PCR Court and/or not raised on

Petitioner's PCR appeal.  Therefore, these claims are procedurally barred from review in federal habeas corpus.  Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

In Ground Three, Petitioner alleges that there was not probable cause for his arrest, he was not served with an arrest warrant, the indictment was based upon false information, and the indictment was insufficient because it did not provide specific enough information for Petitioner to know and understand the nature of the charges against him.  These claims were not raised during Petitioner's guilty plea.  To be preserved, these  claims would have to have been asserted at the plea and then raised on direct appeal.  Drayton v. Evatt, 430 S.E.2d 517, 519 (S.C. 1993) (holding issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).  Because these claims were not properly pursued by the Petitioner in state court, federal habeas review of these claims is now precluded.  Coleman, 501 U.S. 722 (failure to properly appeal issue to state appellate court results in procedural bar on habeas review); Murray v. Carrier, 477 U.S. 478 (1986).

These claims set forth in Grounds Two and parts of Grounds One and Three are procedurally barred absent a showing of cause and actual prejudice, or actual innocence.  Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).  Petitioner argues that he received ineffective assistance of appellate counsel because appellate counsel filed an Anders brief raising only one issue and did not raise these other issues on appeal.  While ineffective assistance of counsel on direct appeal may constitute cause, Coleman, 501 U.S. at 753-54, Petitioner claimed that he received ineffective assistance of appellate counsel in state court through his PCR application but did not exhaust this issue through

the state court system. The requisite ineffective assistance of appellate, however, "is itself an independent constitutional claim" subject to the requirement of exhaustion in state court and to the doctrine of procedural default. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000) (holding that ineffective assistance claims asserted as cause for procedural default of other claims are themselves subject to procedural default rule); Carrier, 477 U.S. at 488-89 (noting that "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); Swisher v. True, 325 F.3d 225, 231 (4th Cir. 2003). Petitioner does not assert that he can demonstrate cause and prejudice for his procedural default of this ineffective assistance claim. Accordingly, he cannot use ineffective assistance of his appellate counsel to demonstrate cause for the failure to raise these other claims.

Additionally, Petitioner has not shown a miscarriage of justice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998)(holding to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent which is defined as factual innocence, not legal innocence). To establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999); see also Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Accordingly, all the claims set forth in Ground Two and some of the claims as set forth above in Grounds One and Three should be dismissed as procedurally barred. The remaining claims in Grounds One and Three are discussed below on the merits.

15

**Ground One**

In Ground One, in addition to the procedurally barred claims set forth above, Petitioner also asserts that plea counsel was ineffective for not objecting to the plea judge's remarks during the plea hearing or moving to recuse the judge because he asserts the plea judge was not impartial and was coercive. Respondent contends this claim is without merit. The undersigned agrees.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, the Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1985). In a guilty plea context, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973) (citing Mcmann, 397 U.S. 759). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill, 474 U.S. at 56.

When a petitioner alleges that his plea violated his due process rights because of the trial judge's alleged improper involvement in the plea process, the petitioner must show that the trial

16

judge's participation caused "him not to understand the nature of the charges against him or the consequences of the guilty plea[s ] or [that] the judge's participation coerced [him] to enter into a plea bargain involuntarily." Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995) (internal quotation marks omitted).

The PCR Court found these claims were without merit.  First, the PCR Court noted that any trial court error was not proper for PCR because it constituted a direct appeal issue.  (App. 161.) Then, the PCR Court noted that the plea judge informed Petitioner of the possible sentences for both a second and third offense.  (App. 162.)[4]  The PCR court also found that the plea judge did not use coercive tactics to force Petitioner to pled guilty.   Id.

Here, the undersigned agrees with the PCR Court that the plea judge's statements were not coercive.  The plea judge was  merely making a candid assessment of the situation.  The plea judge informed Petitioner of the sentencing possibilities, and that by pleading guilty he would be waiving some of his constitutional rights, such as his right to a  jury trial and the right to remain silent.  (App. 25, 34.)   He then pressed Petitioner to make a decision as a jury had been drawn and the trial was ready to begin.  (App. 25, 32.)  He told Petitioner several times that he did not have to plead guilty. (App. 30, 31, 33, 34, 35.)   Petitioner stated he wanted to plead guilty and then expressed dissatisfaction with his counsel.  (App. 36.)  The plea judge stated he was not going to accept the guilty plea and a discussion followed regarding plea counsel's representation of Petitioner. Petitioner ultimately stated that he was satisfied with counsel except for the fact that counsel was unable to negotiate a plea to a five-year sentence as was initially offered and not accepted by

---

[4]At the guilty plea, counsel stated that he believed there was an issue as to whether Petitioner's offense constituted his second or third drug offense.  (App. 26.) The plea court stated that he would not decide this issue prior to trial.  (App. 32.)

Petitioner when he was not represented by counsel.

As the plea judge's comments were not coercive, counsel cannot be ineffective for failing to object. Counsel cannot be ineffective for failing to make an objection that had no basis in the law. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir.2005) ("Counsel is not required to engage in the filing of futile motions .") (citation omitted). Petitioner fails to satisfy the performance prong of the Strickland standard. Additionally, in evaluating post-guilty plea claims of ineffective assistance of counsel, a petitioner's statements under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Blackledge v. Allison, 431 U.S. 63, 74–75 (1977)). Here, Petitioner stated he was satisfied with counsel and expressed only his dissatisfaction with his sentence.

Petitioner fails to show that the PCR court unreasonably applied federal law in addressing these claims or that the PCR Court's ruling was the result of an unreasonable determination of the facts. Accordingly, these claims in Ground One should be denied and dismissed.

**Ground Three**

In Ground Three, in addition to the procedurally barred claims set forth above, the Petitioner asserts that his guilty plea was involuntary because he was coerced into pleading guilty by the plea court. The Respondent contends this claim is without merit. The undersigned agrees.

To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him. Boykin v. Alabama, 395 U.S. 238 (1969). In Boykin, the United States Supreme Court held that before a court can accept a guilty plea, a defendant must be advised of the constitutional rights he is waiving. Id.

18

The PCR Court found that Petitioner was not coerced in any way to plead guilty.  (App. 162.)  The PCR Court found that Petitioner was properly advised of the possible sentences he was facing and that he was waiving his right to a jury trial.  Id. The PCR Court concluded that Petitioner entered his plea freely and voluntarily.    Id.   These findings are supported by the  record.

Petitioner's claim that the plea court was coercive and biased  is not supported by the record. The record shows that the plea judge's comments and threats to hold Petitioner in contempt were not made in an effort to coerce him into pleading guilty.  Rather, they were made in an attempt to get Petitioner to make a decision one way or the other as the jury had been drawn and trial was set to begin.      As noted above, during  the guilty plea, the plea judge informed Petitioner of the possible sentences he was facing several times and the constitutional rights that he would be waiving by pleading guilty. (App.  24-9, 32, 33-4.)   Several times during the plea colloquy, the plea judge reminded Petitioner that he did not have to plead guilty, and he could proceed to trial.  (App. 29, 30, 32, 33, 34, 35.)

The PCR Court did not unreasonably apply federal law in finding Petitioner's guilty plea was voluntarily, knowingly, and intelligently made.   The PCR Court also did not err in finding that the plea court did not coerce Petitioner's plea.  See Oyague v. Artuz, 274 F.Supp.2d 251, 258 (E.D.N.Y. 2003) (rejecting challenge to voluntariness of guilty plea based trial judge warning that if petitioner went to trial and was convicted he would likely face the rest of his life in prison, where there was no evidence that the alleged statement was "motivated by anything but a desire to fully inform petitioner of the consequences of going to trial" and where petitioner's claim that the trial court "badgered him, threatened him, and expressed animus toward him [was] belied by the record"). See

19

also United States v. Grinnell Corp., 384 U.S. 563, 583 (1996) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case"). Petitioner fails to show that the PCR court unreasonably applied federal law in addressing these claims or that the PCR court's ruling was the result of an unreasonable determination of the facts.  Accordingly, the claims raised in Ground Three should be denied and dismissed.

## VIII. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #20) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge


June 29, 2011
Florence, South Carolina


**The parties' attention is directed to the important notice on the next page.**

20